```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

TINA HAYNES,

            Plaintiff,

v.                                 Case No. 8:14-cv-3188-T-33MAP

SUN LIFE ASSURANCE COMPANY
OF CANADA,

            Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Plaintiff Tina Haynes' Motion to Strike or, Alternatively, Motion for a More Definite Statement (Doc. # 16), filed on February 17, 2015. Defendant Sun Life Assurance Company of Canada filed a response in opposition on February 25, 2015. (Doc. # 17). Upon due consideration, and for the reasons stated below, the Court denies Haynes' Motion.

**I.   Background**

Haynes initiated this action on December 22, 2014, against Defendant Sun Life Assurance Company, pursuant to the Employee Retirement Income Security Act. (Doc. # 1). Sun Life filed its Answer and Affirmative Defenses on January 27, 2015. (Doc. # 7). On February 17, 2015, Haynes filed the present Motion. (Doc. # 16). Haynes requests that the Court enter an

order "striking, or in the alternative, compelling a more definite statement as to Sun Life's Answer, paragraph 8, and its Fifth Affirmative Defense." (Id.).

## II.  Legal Standard — Motion to Strike

Responses to a pleading are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed. R. Civ. P., requires that a party "state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature."  Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corporation, No. 8:97-cv-2866, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." <u>Ayers v. Consol. Constr. Servs. of SW Fla., Inc.</u>, No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." <u>Fla. Software Sys.</u>, 1999 U.S. Dist. LEXIS 15294, at *4.

### III. **Analysis**

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." <u>Bluewater Trading, LLC v. Willmar USA, Inc.</u>, No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

In its Answer and Defenses to Complaint, Sun Life asserts the following affirmative defense:

**FIFTH AFFIRMATIVE DEFENSE**

> Plaintiff may have failed to pursue collateral sources that may have been available to her. Sun Life is entitled to a setoff to the extent said

3

>     funds would have been available to Plaintiff had
>     she pursued them.

(Doc. # 7 at 4). Furthermore, Sun Life provides the following answer to Haynes' contention that "Sun Life is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim" (Doc. # 1 ¶ 8):

>     Admitted that the policy confers full discretionary
>     authority to Sun Life to determine claims
>     thereunder and that Sun Life determined Plaintiff's
>     claim, but denied that Sun Life generally makes
>     benefit determinations for "the Plan."

(Doc. # 7 ¶ 8).

The Court acknowledges Haynes' argument that Sun Life's Answer, paragraph 8, is "not responsive" and that Haynes is "unable to understand" Sun Life's statement in its Fifth Affirmative Defense. (Doc. # 16 at 2). However, the Court disagrees with Haynes' contentions. Instead, the Court determines that Sun Life's Answer and Fifth Affirmative defense pass muster under the standards set forth above – particularly at this early juncture. Additionally, the Court finds that the defense relates squarely to the controversy, does not confuse the issues, and does not cause prejudice to any party. Finally, the Court finds that Sun Life's response

at paragraph 8 meets the meager pleading requirements of Rule 8.

As a result, the Court declines to strike Sun Life's Answer, paragraph 8, and its Fifth Affirmative Defense. Furthermore, the Court finds Sun Life's request for a more definite statement similarly unwarranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Tina Haynes' Motion to Strike or, Alternatively, Motion for a More Definite Statement (Doc. # 16) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of February, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record